UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 21-103-DLB

CHRISTOPHER D. WILSON                                          PLAINTIFF

v.                  **MEMORANDUM OPINION AND ORDER**

McINTYRE GILLIGAN & MUNDT, et al.                       DEFENDANTS

*** *** *** ***

This matter is before the Court upon Plaintiff Christopher Wilson's Motion to Remand. (Doc. # 7). Defendants FedEx, McIntyre Gilligan & Mundt ("MGM"), and Protective Insurance Company ("Protective") subsequently filed a Motion to Dismiss. (Doc. # 10). Both Motions have been fully briefed (Docs. # 8, 9, 13, and 14), and are ripe for review. For the reasons stated herein, Plaintiff's Motion to Remand (Doc. # 7) is **granted**. Defendants' Motion to Dismiss (Doc. # 10) is therefore **denied** as moot.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This case stems directly from a 2017 civil action filed in Clark Circuit Court by Christopher Wilson after a truck driven by Orville Butzin collided with his vehicle in Clark County, Kentucky near Winchester. (Doc. # 1-1 ¶¶ 5-16). Wilson attempted to serve Butzin at a Kentucky address, but the summons was returned as undeliverable. *See Wilson v. Butzin*, 854 Fed. Appx. 682, 682 (6th Cir. 2020). Unknown to Wilson, Butzin had moved to Indiana. *Id*. Although the clerk of the court noted a forwarding address in the docket, Wilson did not attempt to effectuate service at that address. *Id.* at 682-83. Instead, he twice attempted service again at the same Kentucky address. *Id*. at 683.

1

Service failed both times.

Wilson finally completed service on Butzin in April 2020 at his Indiana address. *Id*. Butzin filed an answer, removed the case to this Court, and filed a motion for summary judgment on the grounds that Wilson failed to effectuate service within the required statute of limitations. *Id*. This Court granted Butzin's motion for summary judgment. *Id*.

Wilson appealed the dismissal. *See id*. The Sixth Circuit affirmed this Court's ruling, finding that Wilson failed to serve Butzin within the applicable statute of limitations. *Id*. at 687. Six months later, Wilson filed this action in Magoffin Circuit Court against FedEx, McIntyre Gilligan & Mundt, Inc. ("MGM"), and Protective Insurance Company ("Protective"), alleging that their misrepresentations caused Wilson to fail to serve Butzin and thereby lose a "legitimate and viable cause of action." (Doc. # 7-1 at 4). Specifically, Wilson alleges that MGM induced him to believe that he had effectively served Butzin through MGM as his agent when they told him that they had received the "Summons and Complaint filed against our contracted service provider *and its driver*." (*Id*. at 3) (emphasis added). Wilson alleges that he relied on this statement by MGM, acting as an agent for FedEx and Protective, and therefore ceased his attempts to serve Butzin. (*Id*. at 3-4). The statute of limitations ran out, his case was dismissed, and he lost the opportunity to recover for his injuries from the original tortfeasor. He also alleges negligence per se, (Doc. # 1-1 ¶¶ 17-19) bad faith, (*Id*. ¶¶ 20-33) fraud and outrageous conduct, (*Id*. ¶¶ 34-37) and deceptive trade practices. (*Id*. ¶¶ 38).

FedEx removed this case to federal court, invoking diversity jurisdiction. All parties are diverse except for MGM, which is a Kentucky corporation. (Doc. # 1 at ¶¶ 2-5, 7). FedEx argues that MGM's citizenship should be disregarded because it is not a real party

to this action and was fraudulently joined for the sole purpose of avoiding this Court's diversity jurisdiction.  (*Id*. ¶ 8).  Wilson counters that the gravamen of his complaint is in fact against MGM itself, and it is therefore a necessary party.  (Doc. # 7-1 at 3-4).

## II.     ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Removal statutes are to be narrowly construed as they were "adopted in order to restrict rather than expand the scope of removal from the state courts."  *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002).  Accordingly, "all doubts as to the propriety of removal are resolved in favor of remand."  *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### B. Choice of Law

In evaluating a motion for remand based on fraudulent joinder, this Court must apply Kentucky law to determine whether the plaintiff "had at least a colorable cause of action" against the allegedly fraudulent party.  *See Jerome-Duncan, Inc. v. Auto-By-Tell, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).  If Wilson has a "colorable claim" against MGM, then they are not fraudulently joined, and diversity is defeated.  *See Fuller v. Shell Point Mortg. Servicing*, No. 116-CV-475, 2017 WL 4326100, at *9 (W.D. Mich. Sept. 6, 2017).

### C. The Standard for Remand

28 U.S.C. § 1332 establishes original jurisdiction in the federal district courts for all

"civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." It is long established that this statute requires *complete* diversity between parties, such that all defendants are of different citizenship from all plaintiffs. *Coyne*, 183 F.3d at 492 (*quoting SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).

Read on its face, the strictness of this rule would preclude jurisdiction. Plaintiff, Christopher Wilson, is a citizen of Kentucky. (Doc. # 1 ¶ 2). Defendant FedEx is incorporated in Delaware and has its principal place of business in Pennsylvania. (*Id*. ¶ 3). Defendant Protective is organized in Indiana with its principal place of business there as well. (*Id*. ¶ 4). So far, so good. However, Defendant MGM is organized and has its principal place of business in Kentucky, thereby defeating complete diversity. (*Id*. ¶ 7). Defendants argue to the contrary, urging that MGM was fraudulently joined for the sole purpose of defeating this Court's diversity jurisdiction. (*Id*. ¶ 20). "[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493. Therefore, according to Defendants, this Court should ignore MGM's citizenship and exercise diversity jurisdiction over this civil action.

Establishing fraudulent joinder is a difficult task.[1] At the outset, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d. at 493. This saddles the removing party with the burden of proving that "a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse

---

[1] As a threshold matter, issues of Wilson's subjective intent when he sued MGM are "immaterial to our determination regarding fraudulent joinder*." Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).

4

defendants, this [c]ourt must remand the action to state court." *Id.* "The sole inquiry is the viability of a plaintiff's claim." *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 693 (W.D. Ky. 2019) (internal citations omitted). The merits of the case are not at issue; all that matters is whether there is the *slightest chance*—a "glimmer of hope"—that the plaintiff could have brought his claim in state court. *See Friedlander v. Figuerado*, No. 5:14-CV-4, 2014 WL 1883793, at *2 (E.D. Ky. Apr. 30, 2014); *Gipe*, 416 F. Supp. 3d at 693. If so, this Court lacks jurisdiction and must remand. *Id.*

Based on the record, the Court finds that Wilson has a viable claim against MGM, and therefore MGM has not been fraudulently joined.

### D. Collateral Estoppel Does Not Bar Wilson's Claim

Defendants assert that Wilson should be estopped from arguing that he was induced to rely on MGM's statement and thereby lost a cause of action. They argue that because this issue was raised in Wilson's first lawsuit as a justification for his lack of service on Orville Butzin, and because that case was dismissed by the district court and affirmed on appeal, it has been finally adjudicated and may not be re-litigated in this action. (Doc. # 1 ¶¶ 14-18). The Court disagrees.

Collateral estoppel, often referred to as "issue preclusion," prevents a litigant from re-arguing an issue of ultimate fact that was previously established by a valid final judgment on the merits. *See Ashe v. Swenson*, 397 U.S. 436, 443 (1970). First, "the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding." *N.L.R.B. v. Ky. May Coal Co.*, 89 F.3d 1235, 1239 (6th Cir. 1996); *see also N.A.A.C.P. v. Detroit Police Officer's Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987). Second, resolution of the issue must have been a necessary part of the previous litigation.

5

*Ky. May Coal Co.*, 89 F.3d at 1239. Third, the previous litigation must have concluded with a final judgment on the merits. *Id*. And finally, "the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Id*. "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Federal courts no longer require mutuality when applying collateral estoppel to bar litigation. *Id*. Neither must the prior litigation have occurred in the same sovereign's courts; Federal courts give state court judgments preclusive effect, and vice versa, thereby "promot[ing] the comity between state and federal courts which has been recognized as a bulwark of the federal system." *Id*. at 95-96. In this case, Defendants seek to use issue preclusion defensively—in other words, they want to stop Wilson from using this issue against them.

Wilson is not precluded from arguing that MGM's statement constituted a tort against him because the prior litigation fails the first and second prongs of the collateral estoppel test. For collateral estoppel to apply, "the precise issue raised in the present case must have been raised and *actually litigated* in the prior proceeding." *Ky. May Coal Co.*, 89 F.3d at 1239 (emphasis added). The issue fails this "actual litigation" sub-prong because Wilson's claims against MGM were not litigated at all.

There is no question that Wilson, in his prior suit against Orville Butzin and Caliber Express, referred to his reliance on MGM's statement that they had received the "Summons and Complaint filed against our contracted service provider and its driver." (Doc. # 7-1 at 4). The Court of Appeals likewise mentioned the statement in its opinion

6

affirming this Court's dismissal of Wilson's complaint. *See Wilson v. Butzin*, 854 Fed. Appx. 682, 687 (6th Cir. 2021). But the statement itself was not the issue in that case; in fact, the issues in the two cases are entirely separate. This litigation focuses on whether MGM's statement constituted a tort that caused Wilson to lose a "viable cause of action." (Doc. # 7-1 at 3-4). The issue in the previous litigation was Butzin's liability to Wilson, and in the process, whether MGM's statement was adequate justification for Wilson's failure to properly serve Butzin. *Wilson*, 854 Fed. Appx. at 682. MGM's statement was a defense—a mitigating factor—in the service of process in the previous case, whereas in this action, it is the core of the dispute. The parties now face each other to decide whether the statement was itself tortious.

MGM strenuously argues that its statements to Wilson were not in fact false, and therefore cannot be tortious. (Doc. # 8 at 13-16). But the merits of Wilson's action are not before the Court. Instead, this Court is tasked with simply evaluating the threshold matter of jurisdiction. *Gipe*, 416 F. Supp. 3d at 693 ("The sole inquiry is the viability of [the] plaintiff's claim."). If the action is viable, then MGM is not fraudulently joined, and this Court lacks jurisdiction.

The prior litigation also fails the second requirement for collateral estoppel because the issue of whether MGM's statement was tortious was not necessarily decided by the previous action. *See Ky. May Coal Co.*, 89 F.3d at 1239 (stating that "determination of the issue must have been necessary to the outcome of the prior proceeding"). Here, the question of MGM's potential liability was never raised at all, let alone decided by either court to review the case. The Sixth Circuit mentioned MGM's statement in the process of deciding the service of process question, but the issue of MGM's liability was entirely

7

absent. *See Wilson*, 854 Fed. Appx. at 687. It has therefore not been adjudicated at all, let alone *necessarily* adjudicated.

Wilson has asserted a colorable claim against MGM. While this issue may satisfy the third and fourth prongs of collateral estoppel, it fails the first and second. The question is whether the claim *exists* at all, and it does. The prior litigation on this issue did not actually adjudicate whether MGM's statement was an intentional misrepresentation of the truth, was misleading or confusing, or was unjustified for any other reason. The statement arose only as part of Wilson's argument that his failure to serve Butzin was justified. Therefore, Wilson is not estopped from asserting his claim.

### E. MGM Is Not Protected by Agency Law

Defendants also argue that MGM cannot be liable for any actions taken in the course of its work with its co-defendants, because it was an agent for a disclosed principal. (Doc. # 8 at 18-20). Defendants misinterpret the doctrine of agency.

Agents are always liable for their own tortious acts, even if done within the scope of the actual authority granted by their principal. *Carr v. Barnett*, 580 S.W.2d 237, 240 (Ky. 1979) ("Thus, we note that an agent is personally liable for his own tortious acts even though performed within the scope of his employment . . . ."). In fact, Kentucky law has long held that "the party harmed can look for reparation from the agent only without the necessity of proceeding against the principal." *Id*. In other words, Wilson could proceed only against MGM if he so wished. Thus, while it is true that an agent for a disclosed principal is not liable on the underlying contract, that does not hold true for the agent's individual torts. *See Conn v. Markwest Hydrocarbon, Inc.*, No. 05-CV-67, 2006 WL 782728, at *2-3 (E.D. Ky. Mar. 27, 2006) ("Under principles of agency law, an agent may

8

be individually liable for torts committed by him, even though the agent contends that such acts were committed on behalf of the principal.").

Kentucky generally follows the principles outlined in the Restatement of Agency. *See Carr*, 580 S.W.2d at 240; *Grubb v. Smith*, 523 S.W.3d 409, 432 (Ky. 2017) (Venters, J., concurring). The Second Restatement, at § 343, states that "[a]n agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal . . . ." The Third Restatement maintains the same position, stating that "[a]n agent whose conduct is tortious is subject to liability." Restatement (Third) of Agency § 7.01 cmte b. But Defendants argue that the Kentucky Supreme Court, in *Pannell v. Shannon*, established § 6.01 of the Third Restatement as the proper rule in this case. (Doc. # 8 at 18-19); *see Pannell v. Shannon*, 425 S.W.3d 58, 81 (Ky. 2014). Section 6.01 states that when an agent makes a contract while acting on behalf of a disclosed principal, "the agent is not a party." This is true, but also not relevant to the issue here: allegedly tortious conduct toward a third party by an agent. *Pannell* decided an issue of agent liability on a contract, not agent liability in tort. *Pannell*, 425 S.W.3d at 81.

The issues of whether Wilson has pled a viable cause of action, or whether MGM's statement was in fact tortious, are not to be decided at this point. All that matters is that Defendants' claim of immunity under agency law is incorrect. Therefore, Wilson may make a claim against MGM itself.

### III. CONCLUSION

Thus, for the reasons articulated herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Remand (Doc. # 7) is **GRANTED**;

...

(2)     Defendants' Motion to Dismiss (Doc. # 10) is **DENIED AS MOOT**;

(3)     Defendants' Motion for Leave to Seal a Document (Doc. # 11) is **DENIED AS MOOT**; and

(4)     Pursuant to 28 U.S.C. § 1447, this case is **REMANDED** back to Magoffin Circuit Court and **STRICKEN** from the Court's active docket.

This 19th day of September, 2022.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\PikeCivil\2021\21-103 MOO granting MTR.docx